

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Burl Brittain
County Auditor
San Patricio County
Sinton, Texas

Dear Sir:

Opinion No. O-1646
Re: Does Opinion O-880 apply to counties where
constables are working on a fee basis and not
under the salary law?

If the sheriff and one or more of his deputies
are in attendance upon the court at the same
time, are each entitled to the $4.00 per diem?

Your request for an opinion on the above stated questions has been received
by this department.

As we understand your first question you desire to know whether or not a
constable who is compensated on a fee basis can serve as bailiff for the
grand jury and receive pay for such services.

This department has repeatedly held that a constable cannot serve as bailiff
for the grand jury and receive pay therefor. The same rule applies in all
counties prohibiting constables from serving as bailiff for the grand jury
and receiving pay for such service. It is immaterial whether the constables
are compensated on a fee or salary basis.

For your convenience we enclose copies of our opinions No. O-880 and O-1380.

Regarding your second question, we call your attention to Article 3933,
Vernon's Civil Statutes, which reads in part as follows:

". . . For every day the sheriff or his deputy shall attend the
district or county court, he shall receive Four Dollars ($4.00) a day
to be paid by the county for each day that the sheriff by himself or
a deputy shall attend said court."

In the case of Ledbetter vs. Dallas County, 111 S. W. 193, in which a writ
of error was denied by the Supreme Court, the court passed upon the same
question as here presented with the exception that at that time the statute
provided for Two Dollars ($2.00) per day for such services instead of Four
Dollars ($4.00) as is now provided by Article 3933, supra, and holds that
the county is only liable for the $2.00 per day for the attendance of the
sheriff or his deputy, and that even the district judge does not have
authority to bind the counties beyond that.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that the county is only liable for the sum of Four Dollars ($4.00) per day for the services of the sheriff or his deputy in attending the county or district court, and in no event could the sheriff and his deputy or deputies be paid $4.00 per diem each for attendance upon the court at the same time.

Trusting that the foregoing fully answers your inquiry, we remain.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Ardell Williams

By
    Ardell Williams
        Assistant

AW:jm

Encl.

APPROVED NOV. 6, 1939

s/ W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY W. W. B.
CHAIRMAN